JUSTICE NELSON
specially concurs.
¶58 I concur in the result and in the analysis of our opinion. I write separately only to suggest that, in my view, there are ramifications flowing from our decision that may wind up being traps for the unwary prosecutor, defendant and sentencing judge. While these observations are properly not included in the majority opinion and are admittedly dicta, nonetheless, I believe that an ounce of prevention is worth a pound of cure, and I offer these observations in that context for whatever worth they may have.
¶59 First, in criminal cases an appeal from a judgment must, generally, be taken within 60 days. Rule 5(b), M.R.App.P. “ ‘Judgment’ means an adjudication by a court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court.” Section 46-1-202(10), MCA (emphasis added). “ ‘Sentence’ means the judicial disposition of a criminal proceeding upon a plea, verdict, or finding of guilty.” Section 46-1-202(24), MCA. Given our decision in the case at bar that “the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment,” it is my view that the time for filing the notice of appeal in a criminal case will now run from the oral pronouncement of sentence and not from the entry of the written judgment and sentence. Defense counsel or a defendant who delays in filing a notice of appeal on the assumption that the appeal time does not start to run until the written judgment is issued by the court and filed may well find an otherwise meritorious appeal time-barred.
¶60 In this regard, I note that the last sentence of § 46-18-116, MCA, states that “[t]he judgment must be signed and entered on the record.” While this statute requires that at some point the defendant’s guilt or innocence, the adjudication, and the disposition of his or her case be reduced to a writing which is signed and filed of record, there is nothing in this statute, again in my view, that would affect the finality of the controlling oral pronouncement of the judgment and sentence for purposes of appeal.
¶61 Second, it should also be obvious that to the extent that the written judgment differs from the oral pronouncement of sentence, the defendant will likely have good grounds for appeal. I suggest that judges are going to have to be especially careful to specifically articulate on the record each and every aspect, term, requirement and *305 condition of the sentence intended. Imposing “stock” or “standard” conditions and requirements by reference to some other document, standing order or customary practice or leaving to the prosecutor the task of inserting those in the written judgment, may be a risky practice, indeed.
¶62 Third, in those jurisdictions where the county attorney or deputy drafts the written judgment following the sentencing hearing, the prosecutor is, likewise, going to have to be extremely careful to incorporate in the written judgment only those terms, requirements and conditions orally imposed and actually pronounced by the court. Adding “stock” or “standard” conditions that the court usually imposes but may not, in all instances, specifically articulate, will likely be grounds for appeal.
¶63 Fourth, it seems to me that in order to best avoid this risk of variance between the sentence orally pronounced and the written judgment, the sentencing judge should simply hear the evidence and take under advisement the recommendations of the prosecution and defense at the sentencing hearing, but not pronounce sentence at that time. Once the written judgment is drafted in accordance with the sentencing court’s wishes, the defendant can then be brought back into open court with counsel, and the judge can simply pronounce sentence by reading the entirety of the written judgment and sentence.
¶64 Finally, it should be obvious to both defendants and prosecutors that, under the law as presently written and our decision in the case at bar, if the oral pronouncement of sentence is not correct or is incomplete, the time for dealing with the error is at the time the sentence is orally pronounced and while the defendant is in open court. Attempting to “fix” the error later in the written judgment will no longer work.
JUSTICE GRAY concurs in the foregoing special concurrence.